Pearson C. J.
 

 Words however disparaging or abusive are not considered
 
 scandalous,
 
 in equity pleading, unless they
 
 *337
 
 be also “ impertinent,” that is, irrelevant to the ease and put in for the mere purpose of scandal.
 

 Tested by this rule, none ot the exceptions to the answer ought to have been sustained. For the sake of illustration take the first exception: The bill set out by way of inducement, and to show the motive for making the contract which it seeks to set up, that at one time the plaintiff was his father’s favorite, and had well founded expectations of receiving the greater part of his father’s estate. To meet this allegation, and to support the averment that the contract was a “ forgery,” or had been obtained by fraud and imposition, it was certainly relevant to use the words excepted to, viz : “as it was always understood in the family, since respondent’s earliest recollection, that his father denied that complainant was his child;” and also the words in regard to “ raising ” the note, by which the father believed the complainant had been guilty of a gross fraud. The same remark is applicable to all the other matters excepted to. Although they are abusive and disparaging, they are not impertinent, but are relevant and responsive to the allegations of the bill. If the plaintiff had simply set out the contract, alleged its due execution and asked for a decree to have it specifically executed, and to that end, for an account, &c., the exceptions to the answer would have been well taken. But the bill, by way of inducement, and for the purpose of corroborating by circumstantial evidence the allegation of the due execution of the alleged contract, goes into particulars, and sets forth a train,of circumstances, which, it true, make out a case of ingratitude and baseness on the part of the defendant, in refusing to give effect to the contract. To meet this very plausible case made by the bill, the defendant, in his turn, goes into particulars, and sets out many circumstances tending to corroborate his averment, that the con
 
 *338
 
 tract was a forgery, or was obtained by fraud and imposition. All of these particulars are relevant, and tend to support his denial of the due execution of the supposed contract; so that the plaintiff is to blame for introducing into the bill matter of circumstantial evidence, and the defendant is well warranted in replying to it in the same way.
 

 We can only account for the ruling of his Honor, by supposing that his attention was confined to the answer, which is certainly,
 
 y:er se,
 
 as abusive as it can be, and did not advert to the fact, that the several matters set out in the bill call for a full response on the part of the defendant, and imposed upon him the necessity of going into the case according to his view of it.
 

 We feel at liberty to suggest that even now, it would expedite the cause, for the plaintiff to amend by striking out all of the bill which amounts to a mere recital of circumstantial evidence, so as to put it upon the allegation of the due execution of the contract. Then the defendant can withdraw his answer, and put in a plea denying the execution of the contract; whereupon, acording to the practice and course of the court, an issue will be framed to be tried by a jury in a court of law, where all this circumstantial evidence on both sides may be offered to the jury to be passed upon.
 

 We think it proper to make this suggestion, because if the case should be sent up to be heard in this court upon a mass of depositions, in regard to circumstances tending to corroborate or weaken the direct evidence as to the due execution of the contract, by the course of this court an issue will be made up to be tried by a jury in the county where the bill is filed; and it is better to save trouble and expense of taking depositions, as the issue will be tried upon the examination of witnesses before the jury.
 

 
 *339
 
 The order sustaining the exception to the answer is reversed. This opinion will be certified.
 

 Per Curiam.
 

 Order accordingly.